IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MEREDITH DANEEN MCCARROLL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2-06CV-144 |
| | § | |
| TOYOTA MOTOR CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW MEREDITH DANEEN MCCARROLL, hereinafter referred to as Plaintiff, and files this her Original Complaint against TOYOTA MOTOR CORPORATION, hereinafter referred to as Defendant, and states the following:

### A. Parties

1. Plaintiff Meredith Daneen McCarroll is an individual. She resides in and is a citizen of Lewisville, Dallas County, Texas.

2. Toyota Motor Corporation is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving its president, Shoichiro Toyoda, at 1 Toyota-Cho, Toyota, 0471, Japan.

### B. Jurisdiction

3. This court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

## C. Facts

4. On December 25, 2005, Gregory Steven Samaras was driving a 1994 Toyota 4 Runner (VIN # JT3VN39W2R0133263), traveling southbound on 2100 McGee Lane at the intersection of 1300 Starling Lane in Lewisville, Denton County, Texas when he lost control of the vehicle and it ultimately rolled over.

5. At the time of the accident, Meredith McCarroll was the right front seated passenger. She was properly wearing her 3-point seat belt.

6. Despite being properly restrained, Meredith McCarroll was partially ejected when her door opened and seat belt failed to properly restrain her.

7. As a result of the accident, Meredith McCarroll suffered severe injuries.

### D. Cause of Action As To Defendant Toyota Motor Corporation

8. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

9. The injury occurred because the vehicle in question was not reasonably crashworthy and was not reasonably fit for unintended, but clearly foreseeable accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident like occurred herein.

10. Defendant designed, manufactured, marketed, assembled and tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed and tested because of the following defects:

      a.    during the rollover sequence, the right front door opened and allowed the restrained occupant to be partially ejected;
      b.    due to the door failure, the restrained occupant's restraint system was rendered ineffective and useless;

      c.      the door opening violates FMVSS 206;
      d.      the door opening violates principles of crashworthiness; and
      e.      the door opening created a huge ejection portal.

11. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiff's damages.

12. The foregoing acts and omissions of Defendant were a producing and/or proximate cause of Meredith McCarroll's severe injuries.

### E. Damages to Plaintiff

13. As a result of the acts and/or omissions of Defendant, Plaintiff has endured pain and suffering, extreme emotional distress, mental anguish, impairment, and disfigurement, interference with her daily activities and a reduced capacity to enjoy life in the in the past and, in all likelihood, will into the future as a result of her injuries.

14. As a result of the acts and/or omissions of Defendant, Plaintiff has become obligated to pay extensive medical expenses in the past and will continue in the future as a result of her injuries.

15. As a result of the acts and/or omissions of Defendant, Plaintiff has suffered lost wages in the past and in all likelihood will suffer a diminished earning capacity in the future as a result of her injuries.

16. The above and foregoing acts and/or omissions of Defendant, resulting in the serious injuries to Plaintiff has caused actual damages in an amount within the minimum jurisdictional limits of this Court.

17. The above and foregoing acts and/or omissions of Defendant, resulting in the injuries and damages to Plaintiff has caused actual damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

## F. Prayer

18. For these reasons, Plaintiff ask for judgment against Defendant for

    a. actual damages;
    b. prejudgment and post-judgment interest beginning December 25, 2005;
    c. costs of suit; and
    d. all other relief the court deems proper.

Respectfully submitted,

**TRACY & CARBOY**

E. Todd Tracy (Attorney-in-Charge)
State Bar No. 20178650
Andrew G. Counts
State Bar No. 24036408
5473 Blair Road, Suite 200
Dallas, Texas 75231
214/324-9000 Phone
972/387-2205 Fax

**ATTORNEYS FOR PLAINTIFF**